UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NAVAJO NATION,<br>A federally recognized Indian Tribe<br>Navajo Nation Department of Justice<br>Old BIA Club Building<br>Window Rock, Arizona 86515<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C.  20240<br><br>    and<br><br>DEB HAALAND,<br>  in her official capacity as Secretary,<br>United States Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C.  20240,<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND MONEY DAMAGES**

1.  Plaintiff Navajo Nation ("Nation") seeks relief for Defendants' violations of the Indian Self-Determination and Education Assistance Act, as amended, 25 U.S.C. § 5301 *et seq*. ("ISDEAA"), and regulations promulgated thereunder, and for Defendants' breach of a self-determination contract made under the ISDEAA.  Under the ISDEAA and governing regulations, Defendants may not decline an Indian tribe's proposed funding under a self-determination contract if it is substantially the same as the prior year's funding under that contract or its predecessor

contract. For calendar year ("CY") 2022, the Nation submitted a proposed Annual Funding Agreement ("AFA") in the amount of $17,055,477 to the Department of the Interior ("Department") for their contract covering operations of the Navajo Nation Judicial Branch. This was the same amount that the Nation sought for CY 2021, CY 2020, CY 2019, CY 2018, CY 2017, and CY 2016, and was essentially the same amount that the Nation had previously sought for CY 2015 and CY 2014 ($17,055,517)[1] and which was approved by operation of law for CY 2014. Nonetheless, Defendants partially declined the Nation's proposed AFA for all funding in excess of $1,496,344 for CY 2022. In addition, Defendants purported to remove certain language from the proposed AFA for CY 2022 which had been included in previous AFAs. Because Defendants' actions violate the ISDEAA and applicable regulations, the Nation is entitled to declaratory and injunctive relief and damages.

## PARTIES

2. The Nation is a federally recognized Indian Tribe whose reservation is located in the states of Arizona, New Mexico and Utah. The seat of the Nation's government is located in Window Rock, Arizona.

3. The Department is an executive department within the United States government. The Bureau of Indian Affairs ("BIA") is a bureau within the Department. The Department's headquarters is located in Washington, D.C.

4. The Secretary has overall responsibility for administering the Department and overseeing its constituent bureaus and programs, including the BIA, and contracting with Indian tribes under the ISDEAA. The Secretary's office is located in Washington, D.C.

---

[1] Because of a typographical error, the proposal for CY 2016 was $40 less than the proposed AFAs for CY 2014 and CY 2015.

## JURISDICTION AND VENUE

5. This is a civil action arising under the ISDEAA, 25 U.S.C. § 5331(a), and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6. Venue in the District of Columbia is proper under 28 U.S.C. § 1391(b) and (e).

## FACTS

7. Contract No. A12AV00698 (the "Contract") was signed by the Nation and the Department (the "Parties") in 2012 for a five-year term from January 1, 2012 through December 31, 2016.

8. The Parties renewed the Contract by entering into Contract No. A17AV00252 (the "Renewed Contract") for the period commencing on January 1, 2017.

9. Funding for self-determination contracts, such as the Contract and the Renewed Contract, is implemented through AFAs.

### The CY 2014 Action

10. In its proposed AFA for CY 2014, the Nation proposed a substantial increase in funding to administer and perform certain portions of the Judicial – Tribal Courts program, seeking a total of $17,055,517.

11. On November 12, 2014, the Nation filed an action in this Court seeking declaratory and injunctive relief and money damages with respect to the CY 2014 AFA, *Navajo Nation v. Department of the Interior, et al.*, No. 1:14-cv-01909 (the "CY 2014 Action").

12. On June 12, 2020, this Court granted the Nation's motion for summary judgment and ordered that the Nation's proposed 2014 AFA is deemed approved as of January 3, 2014. On August 25, 2020, this Court entered a final judgment.

**The CY 2015 - CY 2021 Actions**

13.     The BIA partially declined the Nation's proposed AFAs for CY 2015, CY 2016, CY 2017, CY 2018, CY 2019, CY 2020, and CY 2021 to the extent they sought the same amount approved by operation of law for CY 2014.

14.     The Nation filed actions in this Court contesting those declinations and seeking declaratory and injunctive relief and money damages with respect to the funding of the Contract or the Renewed Contract for CY 2015 through CY 2021.

15.     On March 21, 2022, this Court entered a Memorandum Opinion and Order deciding the actions for CY 2015 through CY 2020, which had been consolidated.  *See Navajo Nation v. Department of the Interior, et al.*, No. 1:16-cv-00011.  The action for CY 2021 remains pending.  *Navajo Nation v. Dep't of Interior, et al.*, No. 1:21-CV-00013.

**The Instant (CY 2022) Action**

16.     On October 8, 2021, the Nation submitted its Contract Renewal proposal to the BIA, with a proposed budget of $17,055,477 for CY 2022.

17.     By a letter of November 17, 2021, the BIA partially declined the Nation's proposal for CY 2022 for all funding above $1,496,344.  *See* Exhibit A.

18.     This letter also purported to remove certain language in two paragraphs of the proposed 2022 AFA – one in Section B and the other in Section D – on the ground that this language violates the Anti-Deficiency Act.  The letter added that the Department would not agree to this language even if it complied with the Anti-Deficiency Act.

19.     This same language, or substantially the same language, was included in the approved AFAs for CY 2017 and CY 2018.  Defendants purported to decline this language in the AFAs for CY 2019, CY 2020, and CY 2021, but the Nation contested these declinations as part of

4

actions regarding those years.

### The Nation's Entitlement to Relief

20. Pursuant to Section 106(b) of the ISDEAA, 25 U.S.C. § 5325(b), the amount of funding provided to an Indian tribe under a self-determination contract shall not be reduced by the Secretary in subsequent years except pursuant to— (A) a reduction in appropriations from the previous fiscal year for the program or function to be contracted; (B) a directive in the statement of the managers accompanying a conference report on an appropriation bill or continuing resolution; (C) a tribal authorization; (D) a change in the amount of pass-through funds needed under a contract; or (E) completion of a contracted project, activity, or program.

21. Pursuant to Section 102(a)(2) of the ISDEAA, 25 U.S.C. § 5321(a)(2), and the ISDEAA regulations, 25 C.F.R. §§ 900.32 and 900.33, the Secretary may not decline an Indian tribe's proposed successor AFA or a proposal to renew a contract, or portions thereof, if it is substantially the same as the prior AFA or contract (except as provided in section 106(b) of the ISDEAA, 25 U.S.C. § 5325(b)).

22. The BIA could not decline the Nation's proposed AFAs for successive years after CY 2014 insofar as they sought the same amount approved by operation of law for CY 2014, except to the extent of "across the board" funding reductions caused by reductions in appropriations.

23. Defendants' partial declination of the Nation's proposed funding of $17,055,477 for CY 2022 violated their obligations under the ISDEAA and its implementing regulations and constitutes a material breach of contract.

24. The BIA could not decline the language in Sections B and D of the proposed AFA for CY 2019 and CY 2020 – or remove this language from the proposed AFAs for CY 2021 and

CY 2022 -- because the same language, or substantially the same language, was included in the approved AFAs for CY 2017 and CY 2018, and because this language does not violate the Anti-Deficiency Act.

25. Defendants' removal of this language from Sections B and D of the proposed AFA for CY 2022 violated their obligations under the ISDEAA and its implementing regulations.

**FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT**

26. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-25 above, as if fully set forth herein.

27. The Nation is entitled to a judgment declaring that the Nation's funding proposal for CY 2022 may not be declined and that the Nation is entitled to receive the $17,055,477 that it proposed for CY 2022, reduced only for across the board funding reductions.

**SECOND CLAIM FOR RELIEF—INJUNCTION**

28. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-27 above, as if fully set forth herein.

29. Under 25 U.S.C. § 5331(a), this Court may order appropriate relief including money damages, injunctive relief against any action by an officer of the United States or any agency thereof contrary to the ISDEAA, or mandamus to compel a federal officer or employee to perform a duty imposed by the ISDEAA, "including immediate injunctive relief to reverse a declination finding under [25 U.S.C. §] 5321(a)(2) . . . or to compel the Secretary to award and fund an approved self-determination contract."

30. The Nation is entitled to injunctive relief compelling the Secretary to provide contract funding in the amount of $17,055,477 for CY 2022, reduced only for across the board funding reductions.

### THIRD CLAIM FOR RELIEF—BREACH OF CONTRACT

31. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-30, above, as if fully set forth herein.

32. By partially declining the Nation's proposed funding in the amount of $17,055,477 and proposing to pay only $1,460,349 for CY 2022, the Defendants breached their contractual obligations.

33. The Nation is entitled to an award of damages plus interest, plus reasonable fees and expenses, including attorneys' fees, pursuant to 25 U.S.C. § 5331(a).

### FOURTH CLAIM FOR RELIEF—DECLARATORY JUDGMENT

34. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-33, above, as if fully set forth herein.

35. The Nation is entitled to a judgment declaring that the removed language in Sections B and D of the Nation's proposed AFA for CY 2022 is lawful and must be approved.

### FIFTH CLAIM FOR RELIEF - INJUNCTION

36. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-35, above, as if fully set forth herein.

37. The Nation is entitled to injunctive relief compelling the Secretary to restore the removed language in Sections B and D of the Nation's proposed AFA for CY 2022.

### PRAYER FOR RELIEF

**WHEREFORE**, the Nation respectfully requests that the Court enter judgment in favor of the Nation and against Defendants:

A. Declaring that the Nation's renewal proposal for CY 2022 may not be declined and that the Nation is entitled to receive the $17,055,477 that it proposed for CY 2022, reduced only

for across the board funding reductions;

  B. Compelling the Secretary to provide contract funding in the amount of $17,055,477 for CY 2022, reduced only for across the board funding reductions;

  C. Awarding damages to the Nation in the approximate amount of $15,595,128 plus interest, expenses, and fees, including reasonable attorneys' fees;

  D. Declaring that the removed language in Sections B and D of the Nation's proposed AFA for CY 2022 is lawful and must be approved;

  E. Compelling the Secretary to restore the removed language in Sections B and D of the Nation's proposed AFA for CY 2022; and

  F. Granting the Nation such other relief as the Court deems just and proper.

Dated this 28th day of April, 2022.

            Respectfully submitted,

            HOLLAND & KNIGHT LLP

          By: /s/ Steven D. Gordon
            Philip Baker-Shenk (D.C. Bar No. 386662)
            Steven D. Gordon (D.C. Bar No. 219287)
            Jessica L. Farmer (D.C. Bar No. 1023024)
            800 17th Street, N.W., Suite 1100
            Washington, D.C. 20006
            Tel: (202) 955-3000
            Fax: (202) 955-5564

            *Attorneys for Plaintiff the Navajo Nation*